PRATT & WHITNEY CO. v. UNION TWIST DRILL CO.

(Circuit Court of Appeals, First Circuit.   March 4, 1913.)

No. 997.

PATENTS (§ 328*)—INFRINGEMENT—MILLING CUTTER.

The Hanson patent, No. 703,577, for a milling cutter, claim 1, construed, and *held* not infringed.

Appeal from the District Court of the United States for the District of Massachusetts; Le Baron B. Colt, Judge.

Suit in equity by the Pratt & Whitney Company against the Union Twist Drill Company.  Decree for defendant, and complainant appeals. Affirmed.

The following is the opinion of the District Court, by Colt, Circuit Judge:

This is a suit for infringement of the Hanson patent, No. 703,577, dated July 1, 1902, for improvements in milling cutters.  The following drawings from the patent illustrate the patented cutter:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The specification says:

"This invention relates to the milling cutters employed for forming various contours, the object of the invention being to provide an improved cutter having the contour of its teeth relieved at suitable intervals to permit the ready access of oil to the succeeding cutting edges of the tool and to permit the chips to roll up more freely. * * *

"In the use of milling cutters for forming contours which are not in a straight line two principal difficulties are encountered: First, that of conveying a supply of oil directly to the cutting edges of the succeeding teeth as they follow each other through the cut, this difficulty being due largely to the fact that each tooth is ordinarily made of the full contour to be formed, and each tooth therefore effectually stops and wipes out of the cut all of the oil conveyed therein, thus allowing practically no oil to pass to any succeeding tooth until its preceding tooth has emerged from the cut. The second difficulty is that of rolling up the chip which is carved from a contour departing to any extent from a straight line, the difficulty increasing with the angularity of the contour. These difficulties are obviated by the present invention. * * * As hitherto made, the teeth of such cutters are all of the full desired contour, as represented by the tooth *16* of Fig. 6. In this improvement portions of the contour of these teeth are relieved, as shown at *13* and *14* in Figs. 2, 4, and 5, the unrelieved or cutting edges being indicated by the numeral *15* in each case. In practice and for most purposes it is deemed advisable to relieve the same portion of alternate teeth, as shown in Figs. 1 and 3. It is also preferred, whenever the number of teeth and the contour thereof will permit, to provide the relief on alternately opposite sides of the succeeding teeth, as is also shown in Fig. 3. * * *

"The action of the relieved portions of the teeth in permitting the passage of the oil to the succeeding teeth and the consequent desirability of having these relieved portions on the alternately opposite sides of the succeeding teeth are best understood from Figs. 1, 4, and 5. * * * If the teeth were all of the full contour, as represented by the tooth in Fig. 6, each one would sweep the oil out clean along with the chip, leaving a dry and closed channel behind for the succeeding teeth; but by relieving the alternate teeth, like those of Figs. 4 and 5, the oil flows readily past the relieved portions of each tooth to the succeeding tooth, and by alternating these relieved portions on the succeeding teeth, as shown in Fig. 3, the oil can easily flow to all the teeth in the cut sufficiently to keep the work and the cutter cool. The cutting edge of each tooth is thus immediately behind the relieved portion of the preceding tooth, and therefore immediately in the pathway of the oil which passes that relieved portion.

"For convenience in forming the teeth of these cutters it is desirable to have at least one tooth, as *16*, carrying the full contour—that is to say, to leave one tooth entirely unrelieved, like that of Fig. 6—since this facilitates the grinding and gaging of the cutter and also facilitates setting or adjusting it in the desired relation to the work to be done. * * *

"The term 'relieved' is herein used in its more general sense of being sunk below adjacent parts, and not in the specific and technical sense in which the term is sometimes employed as applied to cutting edges, having reference to the backward bevel or clearance which is provided on the rearward sides of cutting edges to facilitate their cutting action."

The two claims of the patent read as follows:

"1. A contour-milling cutter having one or more teeth of the full contour to be cut, and having some of the remaining teeth relieved below the contour at different portions of succeeding teeth.

"2. A thread-milling cutter, provided with closely adjacent integral teeth, having the contour of a truncated V, the succeeding teeth being relieved slightly below the cutting contour on alternately opposite sides, whereby the chips are cleared out of the cut by each tooth while providing for the flow of oil directly to the cutting edges of the succeeding teeth."·

These extracts from the patent show that Hanson had the idea that he was the first inventor to cut away portions of the contour or cutting edge

of the teeth in a milling cutter in order to secure the access of the oil and to permit the chips to pass off more freely. His original application contained the following claims in which this broad feature is embodied:

"1. A milling cutter provided with integral teeth having their contour-forming edges relieved below the contour at different portions of the succeeding teeth.

"2. A milling cutter provided with integral teeth having their contour-forming edges relieved below the contour at different portions of alternate teeth."

These claims were rejected by the Patent Office on reference to the prior art, and the patent was finally allowed with the two claims above cited.

It is clear to my mind, in view of the prior Lutz and Reiss patent, No. 93,212, that Hanson was not the first to cut away the edges of the teeth of a milling cutter at different portions of succeeding teeth in order to facilitate the cutting action, and hence that he was not entitled to a patent covering broadly this feature.

Coming, now, to the consideration of the claims as allowed, we find that the first claim is for a milling cutter having one or more teeth of the full contour to be cut, and having some of the remaining teeth relieved, or cut away, below the contour at different portions of succeeding teeth.

The invention covered by this claim rests upon the idea of making one or more teeth of full contour to be cut in a milling cutter having its remaining teeth relieved or cut below the contour at different portions of the succeeding teeth. This claim covers any milling cutter in which some of the teeth are cut below the contour at different portions of succeeding teeth, provided it has one or more of the teeth of the full contour to be cut. In other words, this claim is like the first rejected claim, with the added feature that one or more of the teeth must be of the full contour to be cut. With respect to this last feature, the patent says: "For convenience in forming the teeth of these cutters it is desirable to have at least one tooth, as *16*, carrying the full contour—that is to say, to leave one tooth entirely unrelieved, like that of Fig. 6—since this facilitates the grinding and gaging of the cutter and also facilitates setting or adjusting it in the desired relation to the work to be done." This feature was not included in any of the claims of the original application. It was, however, subsequently made the important element in claim 1, as allowed.

The second claim is more specific in character, and it covers, as it seems to me, the essential part of the invention as it lay in the mind of Hanson, as shown by the specification and drawings of his patent. The further consideration of this claim, however, is unnecessary, since the complainant during the taking of the testimony withdrew the charge of the infringement as to this claim.

With respect to the first claim, I may say that, construing it broadly, or according to its language, I have some doubt as to its validity; in other words, I have some doubt as to whether the addition of one or more teeth of full contour to a milling cutter of the Hanson type, which the patentee says was a matter of convenience, involved invention. But, assuming this claim to be valid, I am satisfied that it should not be given a construction beyond the plain import of its terms.

The defendant's cutter differs from the Hanson cutter, as shown in his patent, in two particulars: First, it does not have any of its teeth of the "full contour to be cut"; and, second, it does not have the teeth cut away below the contour in the way described in the Hanson patent and shown in the drawings. It does have, however, the teeth cut away below the contour at different portions of succeeding teeth, and hence it comes within the broad terms of the second element in claim 1.

The question of infringement, therefore, narrows itself down to the proposition whether the "gage tooth" in the defendant's cutter is a tooth of "full contour to be cut" within the meaning of the Hanson patent. The defendant's gage tooth is "relieved" or cut away on one side. I mean by this that there is a substantial part, or about half the cutting surface on one side,

204 F.—29

which is cut away, so that this tooth has not the full contour to be cut as defined in the specification and claim of the Hanson patent.

Hanson does not say that a sufficient cutting edge must be left to permit the application of a gage by which it may be determined that the cutting edge of the tooth will correspond with the gage, but his specification and claim specifically limit these teeth to teeth "of the full contour to be cut," which means that no portion of the cutting edge shall be "relieved" or cut away.

For these reasons, I am of the opinion that the defendant's cutter does not infringe the first claim of the Hanson patent, and it follows that the bill must be dismissed, and a decree may be drawn accordingly.

Bill dismissed.

Heath Sutherland, of Hartford, Conn., for appellant.

Ellis Spear, Jr., of Boston, Mass. (Charles E. Hellier, of Boston, Mass., on the brief), for appellee.

Before DODGE, Circuit Judge, and ALDRICH and BROWN, District Judges.

BROWN, District Judge. This is an appeal from a decree of the District Court dismissing a bill brought by the appellant, alleging infringement of letters patent to Hanson, No. 703,577, July 1, 1902, for "milling cutter."

For a description of the invention, and a statement of the principal questions, we may refer to the opinion of the District Court. Only claim 1 of the patent is in issue:

"A contour-milling cutter having one or more teeth of the full contour to be cut, and having some of the remaining teeth relieved below the contour at different portions of such succeeding teeth."

The specification states:

"As hitherto made the teeth of such cutters are all of the full desired contour, as represented by the tooth 16 of Fig. 6."

In order to permit the ready access of oil to the cutting edges of the tool, and to permit the chips to roll up more freely, Hanson sought to improve the old type of milling cutter by cutting away portions of the teeth. Teeth so cut he calls "relieved."

The District Court correctly held that, in view of the prior Lutz & Reiss patent, No. 93,212, Hanson was not entitled to cover broadly this feature. Each tooth of the Lutz & Reiss cutter is notched, or "relieved," if we use that term broadly, and apparently enough of every tooth remains to serve for the application of a gage if that were desired. This is true, also, of all the teeth of defendant's cutter, every one of which has some portion of its cutting edge removed or relieved. One of these teeth, however, retains more of the cutting edge than others, and is doubtless specially designed to perform the function of a "gage tooth." According to the testimony, this one tooth, which is cut away but partially on one side, is slightly more convenient for gaging than the other teeth, which are partly cut away on both sides, but which still retain enough for gaging purposes. Except for this one tooth, specially designed for gaging, there could be no contention that claim 1 is infringed by the defendant's cutter.

Bearing in mind that both the complainant and defendant are entitled to improve upon the full contour cutter of the prior art by providing notches in the cutters, it follows that invention must be found, if at all, in specific applications of this idea. Hanson's cutter teeth were relieved or cut away in a special manner. Except the tooth of full contour, which had cutting edges on both sides as well as at the top, the teeth were staggered; i. e., the alternative sides of successive teeth were completely relieved, so as to have no cutting edge. This arrangement is described in claim 2, which is not in suit, as follows:

"2. A thread-milling cutter, provided with closely adjacent integral teeth, having the contour of a truncated V, the succeeding teeth being relieved slightly below the cutting-contour on alternately opposite sides, whereby the chips are cleared out of the cut by each tooth while providing for the flow of oil directly to the cutting edges of the succeeding teeth."

The full contour to be cut "is complete in any two adjacent teeth"; but, because one tooth is not opposite the other, it is impractical to apply a gage to determine the full contour.

This disadvantage of the staggered tooth arrangement in respect to gaging led to the retention of one tooth of old form. This one tooth enabled the cutter to be gaged in the same manner that full contour cutters of the prior art could be gaged—by applying a gage to a single tooth.

In the complainant's milling cutter we have, therefore, the combination of a gage tooth with other teeth, which are not gage teeth because staggered, and not in contact with both sides of the contour to be cut. In claim 1, however, the teeth other than the gage teeth are described in very indefinite terms:

"Some of the remaining teeth relieved below the contour at different portions of succeeding teeth."

The "relieved" teeth shown in the patent are cut completely away on one side.

The defendant's teeth are not cut completely away on either side. They are partly "relieved" on each side, except the gage tooth, which is partly relieved on one side only, and unrelieved on the other side.

The District Court held that the expression, "one or more teeth of the full contour to be cut," meant that no portion of the cutting edge of these teeth was cut away or relieved. The appellant contends that this was error, for the reason that one function of such a tooth "of the full contour to be cut" is to furnish a "gage tooth" to serve as a gage or guide in regrinding the cutter, and that a tooth might still perform this function, though a portion of its cutting edge were removed or "relieved."

It is contended that it is not necessary that the edges of the tooth be continuous, provided that they be of sufficient extent to support the gage when applied, and to clearly indicate whether or not the teeth have been ground to correct shape.

But there is a difficulty in applying this argument consistently. Claim 1 is for a milling cutter having two kinds of teeth—full contour teeth and relieved teeth. If we interpret the term "full contour" to

include a relieved tooth, and if a relieved tooth is of full contour if capable of being gaged, then by such interpretation we have destroyed the only distinction made by the claim between the two kinds of teeth. The claim, then, instead of being limited to a combination of gage teeth and teeth which are not gage teeth, covers a cutter in which all teeth are gage teeth. In other words, the claim then is broad enough to cover any cutter having nicked teeth that can be gaged.

This is not merely a verbal difficulty, arising from the interpretations placed upon the language of the claim. The difficulty is more substantial. The teeth of the cutters of the prior art were all capable of being gaged, since they were of full contour. It is proven that teeth may be relieved, so as to permit the flow of oil and permit the chips to roll up, without destroying the capacity of the teeth to be gaged. It was old to insert notches in the teeth of cutters for this purpose. Since Hanson adopted the staggered teeth, relieved entirely upon one side, such teeth did not possess the advantage of the teeth of the prior art in respect to gaging. It was from this special mode of relieving teeth that arose the practical necessity for a gage tooth. Other applications of this general idea of relieving a tooth did not destroy the capacity for gaging, which was a feature of teeth of full contour, and also of teeth which, though nicked or grooved, retained enough of the lines of a full contour to permit gaging.

The defendant's device has teeth which may be said to be staggered at the upper cutting ends; but all teeth preserve enough of the lines of the full contour to permit the application of a gage to any tooth. It may be said that all of the teeth are gage teeth, although one is a slightly better gage tooth than the others.

There is not, however, in defendant's device the combination of teeth, incapable of gaging, with a gage tooth.

We are of the opinion that claim 1, if given the interpretation which complainant would have us place upon it, is practically meaningless in its failure to distinguish between the two kinds of teeth; and, if restricted to teeth relieved in the specific manner described in the specification and in claim 2, is not infringed.

Complainant's argument that the gage tooth of the defendant is substantially the equivalent in function of the gage tooth of complainant, and that infringement cannot be avoided merely by evading the letter of a claim, provided the means are substantially equivalent, would be a sound argument in many cases; but in this case the fact that all the other relieved teeth of the defendant are substantially equivalent to the complainant's single gage tooth, and possess a feature which was common to milling cutters of the older type and not new with Hanson, deprives this argument of force as applied to this particular case.

In construing the claim as a whole, it is evident that the patentee intended to make a distinction between teeth of full contour and teeth relieved below the contour. An interpretation which destroys this distinction is not permissible, since the claim then becomes meaningless.

We are, therefore, of the opinion that the District Court was justified in giving the words, "of full contour to be cut," their ordinary meaning, which, as is pointed out by the learned judge, accords with

the language of the specification, "carrying the full contour; that is to say, to leave one tooth entirely unrelieved, like that of Fig. 6."

The decree of the District Court is affirmed, and the appellee recovers costs in this court.